IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| IN RE: APPLICATION | Case No.: 3:23-mc-00841-AN <br><br> OPINION AND ORDER |

**Adrienne Nelson, District Judge:**

Petitioner Luis Aron requests an order from this Court granting him leave to serve Adidas America, Inc.[1] with a subpoena for production of documents and testimony for proceedings pending in the Republic of Paraguay. Application for Judicial Assistance ("Application"), ECF [1]. For the reasons set forth below, the Application is GRANTED.

## LEGAL STANDARD

A court may order a person residing or found in its district "to give his testimony or statement or to produce a document or other thing for use in a proceeding in a foreign or international tribunal, including criminal investigations conducted before formal accusation." 28 U.S.C. § 1782(a). The court may issue an order "upon the application of any interested person and may direct that the testimony or statement be given, or the document or other thing be produced, before a person appointed by the court." *Id.* A district court is permitted, but not required, to issue an order providing judicial assistance in a foreign proceeding. *Intel Corp. v. Advanced Micro Devices, Inc.*, 542 U.S. 241, 247 (2004).

Although *ex parte* motions are generally disfavored, they are acceptable pursuant to 28

---

[1] Petitioner states in the Application that he seeks leave to serve a subpoena on both Adidas America, Inc. and Adidas AG (the "Adidas Entities"), which are separate entities. Application for Judicial Assistance, ECF [1], at 1. The attached subpoena, however, is addressed solely to Adidas America, Inc. *Id.* Ex. A. Accordingly, the Court considers only the request to serve a subpoena on Adidas America, Inc.

U.S.C. § 1782 because there are procedural safeguards for witnesses, who may raise objections by filing a motion to quash a subpoena. *In re Letters Rogatory from Tokyo Dist., Tokyo, Japan*, 539 F.2d 1216, 1219 (9th Cir. 1976) ("Letters Rogatory are customarily received and appropriate action taken with respect thereto ex parte. The witnesses can and have raised objections and exercised their due process rights by motions to quash the subpoenas.").

"Congress gave the federal district courts broad discretion to determine whether, and to what extent, to honor a request for assistance under 28 U.S.C. § 1782." *Four Pillars Enters. Co. v. Avery Dennison Corp.*, 308 F.3d 1075, 1078 (9th Cir. 2002). There are four discretionary factors (commonly referred to as the "*Intel* factors"):

> "(1) whether the person from whom discovery is sought is a participant in the foreign proceeding; (2) the nature of the foreign tribunal, the character of the proceedings underway abroad and the receptivity of the foreign government to U.S. federal-court assistance; (3) whether the discovery request is an attempt to circumvent foreign proof-gathering restrictions or other policies of a foreign country or the United States; and, (4) whether the discovery request is unduly intrusive or burdensome."

*Husayn v. Mitchell*, 938 F.3d 1123, 1128 n.9 (9th Cir. 2019) (citing *Intel Corp.,* 542 U.S. at 264-65), *rev'd and remanded sub nom. United States v. Zubaydah*, 595 U.S. 195 (2022).

## BACKGROUND

Petitioner states that he is involved in multiple legal proceedings in the Republic of Paraguay related to a dispute between himself and the "Gomez Family" regarding the ownership and finances of Doral, a corporation that is "the exclusive licensee for Adidas in Paraguay." Decl. of Luis Aron ("Aron Decl."), ECF [6], ¶¶ 2-10. In November 2019, petitioner filed a lawsuit against the Gomez Family in Paraguay, and he is now attempting to enforce a resultant court order granting him access to Doral's books and records. *Id.* ¶ 9. In August 2020, the Gomez Family "knowingly and intentionally filed false criminal charges" against petitioner, and as a result a Paraguayan court issued an "international capture order" against him. *Id.* ¶ 8. Petitioner "recently" commenced a criminal action against the Gomez Family,

and in August 2023 a Paraguayan court ordered a raid of Doral's offices in connection with the criminal investigation. *Id.* ¶ 10, Ex. A, Ex. B.

Petitioner seeks information from the Adidas Entities that he believes will assist him in the Paraguayan legal proceedings, specifically in determining the period and extent of the Gomez Family's control of Doral, whether the Gomez Family has sought kickbacks, and any representations that the Gomez Family made about petitioner's role in Doral's business affairs. Pet.'s Mem. of Law ("Pet.'s Mem."), ECF [2], at 2-3.

## DISCUSSION

Petitioner's request satisfies the requirements of 28 U.S.C. § 1782: petitioner is an interested person, the request is made to the district in which Adidas America, Inc. is found, and the request seeks the production of documents for use in a foreign proceeding. *See* Decl. of Christopher J. Kayser ("Kayser Decl."), ECF [3], Ex. 6 (identifying Adidas America, Inc.'s principal place of business as a location in Portland, Oregon). Although petitioner has submitted limited evidence of the proceedings in the Republic of Paraguay outside of his declaration averring to their existence and a copy of the judicial order permitting a search of Doral's offices by the Paraguayan police, the Court is persuaded that this meets the minimum requirements to demonstrate that the documents that petitioner seeks will be used "in a proceeding in a foreign or international tribunal, including criminal investigations conducted before formal accusation." 28 U.S.C. § 1782(a); *see In re Bouka*, 654 F. Supp. 3d 283, 288 (S.D.N.Y. 2023) (quoting *Intel Corp.*, 542 U.S. at 255) ("For evidence to be 'for use' under Section 1782, a party need not have 'formal party or litigant status' where it nevertheless possesses 'significant procedural rights,' such as the ability to 'submit . . . information in support of its allegations, and . . . seek judicial review.'").

Having met the statutory requirements, the Court may, at its discretion, issue an order permitting petitioner to serve the subpoena. Here, the four *Intel* factors weigh in favor of granting the request. As to the first factor, Adidas America, Inc. is not a participant in the Paraguayan proceedings, and the Paraguayan courts do not have jurisdiction over it. Aron Decl. ¶ 15. The second *Intel* factor "focuses on whether the foreign tribunal 'is willing to consider the information sought.'" *In re Application of Joint*

3

*Stock Co. Raiffeinsenbank*, No. 16-mc-80203-MEJ, 2016 WL 6474224, at *5 (N.D. Cal. Nov. 2, 2016) (quoting *Siemens AG v. W. Digital Corp.*, No. 8:13-cv-01407-CAS-(AJWx), 2013 WL 5947973, at *3 (C.D. Cal. Nov. 4, 2013)).  To determine if a foreign court would object to the discovery, "courts look for 'authoritative proof that a foreign tribunal would reject evidence obtained with the aid of § 1782.'" *Id.* (quoting *Euromepa S.A. v. R. Esmerian, Inc.*, 51 F.3d 1095, 1100 (2d Cir. 1995)).  Petitioner provides evidence that the Republic of Paraguay has sought judicial assistance from a United States court pursuant to 28 U.S.C. § 1782 in the past, and there is no indication that it would reject evidence obtained in that manner now.  Kayser Decl., Ex. G.  Third, the Court has no reason to believe that petitioner is attempting to circumvent Paraguayan proof-gathering restrictions or policies.  Finally, the proposed subpoena is not unduly intrusive or burdensome.  The request is limited to business records and other information related to Doral, the subject of the Paraguayan litigation, and proportional to petitioner's needs.  Because the four *Intel* factors weigh in favor of granting petitioner's request, the Court exercises its discretion to grant petitioner leave to serve the subpoena.

## CONCLUSION

For the foregoing reasons, the Application for Judicial Assistance to Obtain Evidence for Use in a Foreign Proceeding Pursuant to 28 U.S.C. § 1782, ECF [1], is GRANTED.  Petitioner is directed to separately file a new copy of the proposed subpoena for the Court to so-order with a return date of at least twenty-one (21) days to allow Adidas America, Inc. an opportunity to contest the subpoena.

IT IS SO ORDERED.

DATED this 3rd day of January, 2024.

Adrienne Nelson
United States District Judge